FERGUSON v. THORPE.

1. **Costs**: APPORTIONMENT OF: RECOVERY BY BOTH PARTIES. Where a special verdict was found for the plaintiff upon one count of his petition, and a special verdict for the defendant for an equal amount upon a counter-claim, it was held that, after taxing certain unnecessary costs to the party making them, the court properly divided the remaining costs between the parties.

*Appeal from Van Buren Circuit Court.*

TUESDAY, OCTOBER 5.

THE question in this case arises upon the taxation of costs.

The plaintiff averred in his petition that the defendant committed upon him an assault and battery, whereby he sustained damages to the amount of $5,000. He also averred that the defendant spoke defamatory words of him, whereby he sustained damages to the amount of $10,000.

The defendant pleaded a general denial, and also a counter-claim. In the latter he set up that the plaintiff spoke defamatory words of him, whereby he sustained damages to the amount of $10,000.

The jury found a special verdict for the plaintiff for $10 for the assault and battery committed by the defendant, and a special verdict for the defendant for $10 for the defamatory words spoken by the plaintiff.

The costs amounted to $660.40. Of these the court ordered $188.57 to be taxed to the plaintiff, and the balance to the defendant, and rendered judgment accordingly. Both parties appeal from the order and judgment in respect to costs.

*Work & Brown, Trimble & Baldwin* and *Vermillion & Haynes,* for plaintiff.

*Lea & Beaman, Perry & Townsend* and *Tannehill & Fee,* for defendant.

Ferguson v. Thorpe.

ADAMS, CH. J.—The court taxed to the defendant the fees and costs of subpœnaing certain witnesses who were sub-

**1. COSTS: apportionment of: recovery by both parties.** pœnaed by the defendant but not called to testify, amounting to $283.25. · The other costs were divided, and one-half taxed to each party.

Whatever defamatory words were spoken, it appears, were spoken at the time of the assault and battery. The plaintiff claims that the issue as to the assault and battery, upon which he was successful, was the principal issue, and that the costs of all the witnesses who testified upon that issue, who would include the witnesses who testified as to the speaking of the defamatory words, should be taxed to the defendant.

But this position, we think, cannot be maintained. The trial, it is said, lasted seven days. The costs were greatly increased by reason of the length of the trial. The witnesses called by the plaintiff to testify as to the assault and battery may have been, and probably were, called by one party or the other to testify upon the issue tendered by the plaintiff as to the speaking of defamatory words by the defendant, and upon which issue the plaintiff failed. Aside, too, from this consideration, if the same witnesses were called by either party to testify upon the issue tendered by the defendant, by the trial of which issue the trial of the case must have been more or less prolonged, and upon which issue the plaintiff was beaten, the costs of those witnesses were, to some extent, taxable to the plaintiff.

The defendant insists that all the costs should be taxed to the plaintiff, because no judgment was rendered in his favor, the amount found due him being exactly off-set by the amount found due the defendant.

In our opinion, the plaintiff's success upon the issue as to the assault and battery was the same as if, in the absence of a counter-claim, he had recovered a judgment for ten dollars. He had, in fact, the full benefit of such recovery.

Quite a number of errors are assigned and discussed by counsel on each side. There is shown, in what is called

schedule G, an itemized statement of costs, amounting to $22.60, said to be fees and costs of summoning witnesses, on the part of plaintiff, who did not testify. These costs, it is said, should have been taxed wholly to the plaintiff and not divided, for the same reason that similar costs were taxed wholly to the defendant.

This position might seem to be well taken. But in the defendant's motion to tax costs to the plaintiff the attention of the court does not seem to have been called specifically to these items. Besides, the schedule set out is not embraced in the bill of exceptions, and we are unable to say that it is a part of the record.

We are asked by the plaintiff to tax to the defendant the costs of witnesses called by him, on the ground that their testimony was immaterial; also of other witnesses who attended court after notice that the venue had been changed.

We are asked by the defendant to tax to the plaintiff more than half the costs, because more than half of the issues tried were determined in the defendant's favor. He insists that six issues were tried; that five of them were determined in his favor, and that five-sixths of the costs should be taxed to the plaintiff. He contends for this apportionment because he says that it is "impossible to assort with exactness the witnesses upon each side."

The court declined to assort the witnesses, doubtless deeming it impossible. In the division made of the costs we may assume that the court attempted to make an equitable apportionment. We are not prepared to say that the apportionment is not equitable. Possibly some of the costs divided between the parties might more properly have been taxed solely to the plaintiff, and other costs more properly solely to the defendant. But we are unable to make any ruling in the matter which we think would approximate more nearly to substantial justice between the parties than the one which was made.

AFFIRMED.